UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

M. TEDD KEHOE and ANDREW ROBERT
TRACY, on behalf of themselves and others
similarly Situated,

                            Plaintiffs,

        v.                                          6:11-cv-0408

MARY ANNE CASADEI, Individually and as
the Chair of the ROME REPUBLICAN COMMITTEE
and THE CITY OF ROME REPUBLICAN
COMMITTEE,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiffs M. Tedd Kehoe and Andrew Robert Tracy commenced the instant action pursuant to 42 U.S.C. § 1983 claiming that their rights as protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution were violated by Defendants' decision to eliminate weighted voting, eliminate the use of proxies, and using written secret ballots in the endorsement of candidates for election. Plaintiffs move for a preliminary injunction precluding Defendants from eliminating weighted voting or using secret ballots in the endorsement of candidates. Plaintiffs also seek an ex parte order temporarily restraining Defendants from screening or endorsing any candidates for elected public office pending the determination of the motion for a preliminary injunction. Plaintiffs contend that

immediate relief is needed because Defendants have planned a meeting for April 18, 2011 at which time they plan to screen and potentially endorse candidates for political office.

Pursuant to Fed. R. Civ. P. 65(b), a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 375 (2008); see also Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 n.4 (2d Cir. 2010) ("'[W]here the moving party seeks to stay government action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous ["serious questions"] standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim.'") (quoting Able v. United States, 44 F.3d 128, 131 (2d Cir. 1995)). The Court finds that Plaintiffs have sufficiently satisfied these standards at this time to warrant a temporary restraining order pending a full hearing on the motion for a preliminary injunction.

The verified complaint and affidavit submitted in support of the present application show that immediate and irreparable harm will result to the movant before the adverse party can be heard in opposition.  The allegations are that: (1) Plaintiffs are committee members of the City of Rome Republican Committee and the Oneida County Republican Committee; (2) in this capacity, Plaintiffs act as electors for their respective election districts; (3) traditionally, the endorsement of candidates has been done in accordance with a weighted voting system;[1] (4) on April 4, 2011, Defendants adopted bylaws eliminating the weighted voting system for the City of Rome Republican Committee such that each committee member has one vote regardless of the number of registered Republicans in the election district that he or she represents; (3) Defendants have scheduled a meeting for Monday, April 18, 2011 at which time they will screen candidates for mayor, council president, councilors, and county legislator; and (4) traditionally, after candidates are screened, endorsements are made at the same meeting.  Plaintiffs claim irreparable injury in that: (1) permitting candidates to be endorsed without the use of a weighted voting system would violate principles of "one man/one vote" and would harm their interests in representing their districts; (2) it would impair the fundamental fairness of the election of candidates; and (3) if Defendants are permitted to endorse candidates under an improper voting scheme (even if such an endorsement is recalled if Plaintiffs are successful in this action), Plaintiffs will be harmed because it may cause confusion in the minds of voters as to who is the properly endorsed candidate and it will give the first endorsed candidates an unfair advantage because the

---

[1] Under the weighted voting system, the voting power of a committee member is weighted in accordance with the number of registered Republicans in their respective election district. .

media is likely to report the initial endorsements to the public, giving those candidates a "head start."

The case law provides strong support for Plaintiffs' Complaint and suggests a likelihood of success on the merits.  Private political parties likely are subject to claims under 42 U.S.C. § 1983.  <u>Davis v. Sullivan County Democratic Comm</u>, 43 N.Y.2d 964, 965 (1978) (political parties "are not private associations, but associations with public and quasi-official status performing a governmental, or at least quasi-governmental, function in the electoral process.  Moreover, most of the internal activities of the political party are relevant to the role it performs in nominating and electing candidates."); <u>Seergy v. Kings County Republican County Committee</u>, 459 F.2d 308 (2d Cir. 1972).  In <u>Seergy</u>, the Second Circuit held that political parties are not required to apply the one-man, one-vote principle to votes taken in the course of their internal affairs, but that "[i]n those rare instances where committeemen perform public electoral functions (e.g., the nomination of candidates to fill vacancies or to run in special elections, or the giving or consent to candidacies by non-members of the party), . . . the county committee is required by the Equal Protection Clause to apply the 'one-man, one-vote' principle. . . ."  See also <u>Mrazek v. Suffolk County Bd. of Elections</u>, 630 F.2d 890, 895 (2d Cir. 1980); <u>Davis</u>, 43 N.Y.2d 964; N.Y. Election Law § 2-104 (providing for proportional voting).  The <u>Seergy</u> Court found that a statute that "authorizes disproportionate voting by committeemen in their . . . performance of public electoral functions . . . clearly transgress constitutional bounds."  459 F.2d at 314.

Further, Plaintiffs have demonstrated irreparable harm, that the balance of equities tip in their favor, and that injunctive relief would be in the public interest.  The endorsement of candidates for political office would appear to qualify as the performance of a public electoral

function subject to the one-man, one-vote principle.  Allowing candidates to be endorsed pursuant to disproportionate voting thereby allowing committee members from lesser populated districts to have the same voting authority as those from more highly populated districts would run afoul of the Fourteenth Amendment, undermine the voting rights of Plaintiffs and the districts they represent, and throw the legitimacy of the endorsement of the candidates and the overall electoral process into serious question.  These are not matters that can be easily undone, fixed, or remedied through an award of monetary damages.  Accordingly, immediate injunctive relief is warranted.

Finally, Plaintiffs' attorney has certified that she did not undertake any efforts to give notice of the instant application.  Fed. R. Civ. P. 65(b)(1)(B).  Although Plaintiffs' attorney did not specifically address why notice should not be required, id., the Court finds that the immediacy and the gravity of the issue compel the conclusion that prior notice is not warranted.  This is further supported by the fact that a brief delay in the endorsement of candidates pending a resolution of the motion for a preliminary injunction is not likely to cause any prejudice to Defendants.

For the foregoing reasons, Plaintiff's motion for a temporary restraining order is GRANTED and Defendants are hereby temporarily restrained from proceeding to screen or endorse any candidates for elected public office pending a hearing on Plaintiffs' motion for a preliminary injunction.  It is further ORDERED that:

    a.       a hearing on the motion for a preliminary injunction is set for Friday, April 22, 2011 at 10:00 a.m. at the federal courthouse in Binghamton, New York (15 Henry St., Binghamton, NY, 13901);

    b.    Defendants shall file and serve any papers in opposition to Plaintiffs' motion for a preliminary injunction on or before 11:00 a.m. on Wednesday, April, 20, 2011 and otherwise show cause why a preliminary injunction should not be granted: (i) prohibiting Defendants from endorsing any candidates for political office without the use of weighted voting; and (ii) prohibiting Defendants from endorsing candidates for elected public office by the use of an anonymous written ballot.  Any papers in opposition shall comply with the requirements of N.D.N.Y.L.R. 7.1;

    c.    Plaintiffs shall undertake reasonable efforts to personally serve a copy of the Complaint, the motion papers, and this Order on Defendants today (April 15, 2011) and shall ensure that service is properly effectuated in accordance with Fed. R. Civ. P. 4 on or before 10:00 a.m. on Monday, April 18, 2011.  Plaintiffs shall undertake reasonable efforts to apprise Defendants of the instant motion as soon as possible (i.e. today) including having the papers personally delivered to Defendants, transmitting the materials via facsimile or electronic mail, sending the material via overnight delivery, or using any other means reasonably likely to apprise Defendants of the pending motion as soon as possible.

IT IS SO ORDERED.

Dated:  April 15, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge