UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

M. TEDD KEHOE and ANDREW ROBERT
TRACY, on behalf of themselves and others
similarly situated,

                              Plaintiffs,

        v.                                          6:11-cv-0408

MARY ANNE CASADEI, Individually and as
the Chair of the ROME REPUBLICAN COMMITTEE
and THE CITY OF ROME REPUBLICAN
COMMITTEE,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiffs M. Tedd Kehoe and Andrew Robert Tracy commenced the instant action pursuant to 42 U.S.C. § 1983 claiming that their rights as protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution were violated by Defendants' decision to eliminate weighted voting, eliminate the use of proxies, and use written secret ballots in the endorsement of candidates for election. Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(c).

**I.    BACKGROUND**

      The basic background facts are as follows. The bylaws of the City of Rome Republican Committee ("CRRC") originally provided for weighted voting in the nomination

and endorsement of candidates.  See Compl. at Ex. C. at Art. II(A)(1); Art. III(A)(5)(c); Art. III(A)(6)(f).  The CRRC then adopted an amendment to its bylaws providing that:

> There shall be no weighted vote on any matter acted upon by the City of Rome Republican Committee, including but not limited to the endorsement of candidates. Instead, each member of the City of Rome Republican Committee shall cast one vote for any matter acted upon by the committee at a legal meeting.

See Compl. at Ex. C. at p. 13 (proposed amendment).

Plaintiffs commenced the instant action claiming that the elimination of weighted voting violates their rights as guaranteed by the Equal Protection Clause.  Concerned that Defendants were then about to endorse candidates, Plaintiffs moved for a preliminary injunction precluding Defendants from eliminating weighted voting or using secret ballots in the endorsement of candidates.  Finding that "[t]he endorsement of candidates for political office would appear to qualify as the performance of a public electoral function subject to the one-man, one-vote principle," and based on Defendants' consent to entry of injunctive relief, the Court granted injunctive relief.  Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(c) on the ground that the endorsement of candidates is not an electoral function and, therefore, not subject to the one-man, one-vote principle of the Fourteenth Amendment's Equal Protection Clause.

## II.    STANDARD OF REVIEW

The standard pursuant to Fed. R. Civ. P. 12(c) is identical to that under Rule 12(b)(6). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly,

127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . .  a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965.  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement."  Ashcroft, 129 S. Ct. at 1949.  Legal conclusions must be supported by factual allegations.  Iqbal, at 1950.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

       With this standard in the mind, the Court will address the pending motion to dismiss.

**III.     DISCUSSION**

Defendants move to dismiss on the ground that the endorsement of candidates by the CRRC is not an electoral function and, therefore, need not be done by weighted voting. In making this argument, Defendants interpret Plaintiff's Complaint to challenge only the process of endorsing candidates.  While this is a reasonable interpretation, see Compl. at ¶¶ 15, 18, 19, 22, 25 and the "Wherefore" clause, the Complaint can be read more broadly to challenge other matters that might be subject to the new voting scheme.  Id. at ¶¶ 24, 27, 28, and 29.  Defendants concede that certain functions of the CRRC, such as nominating candidates or giving consent to candidacies by non-members of the Republican party, are integral to the electoral process and, hence, subject to weighted voting.  See Defs.' Mem. of Law at 11.  Despite this concession, the language of the bylaw amendment is broad enough to arguably have eliminated weighted voting for all matters (including nominating candidates or giving consent to candidacies by non-party members); not just internal party functions. See Compl. at Ex. C. at p. 13 ("There shall be no weighted vote on any matter acted upon by the City of Rome Republican Committee, including but not limited to the endorsement of candidates.") (emphasis added).  Because the amended bylaws can be read to apply to matters related to the electoral process, the Complaint states a claim upon which relief can be granted.  Moreover, while it appears unlikely that the endorsement of candidates is a public electoral function, see Seergy v. Kings County Republican County Committee, 459 F.2d 308, 313-14 (2d Cir. 1972)[1]; see also Eu v. San Francisco County Democratic Cent.

---

[1] The Seergy Court noted that:

the essential standard by which we are governed in determining whether the votes of county committeemen should be weighted in proportion to the number of Republican voters they

(continued...)

Committee, 489 U.S. 214, 223-29 (1989) (ban on political parties from endorsing and opposing candidates burdens their freedom of speech and freedom of association rights), there may be facts showing that a party's endorsement of a candidate is directly related to the selection of party nominees, thereby bringing such activity withing the realm of public electoral functions. See Lopez Torres, 462 F.3d at 186.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: October 20, 2011

---

[1](...continued)
represent is whether their function in voting is to select a nominee for public governmental office, as distinguished from conduct of the private affairs of their political organization. . . . The state is obligated to insure that the votes of constituents will be given equal weight only when the voting, whether directly by them or indirectly through their committeemen, is pursuant to "the decision of the *government* to have citizens participate individually by ballot in the selection of certain people who carry out *governmental* functions," Hadley v. Junior College District, 397 U.S. 50, 54, 90 S. Ct. 791, 794, 25 L. Ed.2d 45 (1970) (emphasis added in Seergy). "All procedures used by a State as an integral part of the election process must pass muster against the charges of discrimination or of abridgement of the right to vote," Moore v. Ogilvie, 394 U.S. 814, 818, 89 S. Ct. 1493, 1495-1496, 23 L. Ed.2d 1 (1969). . . .

[T]he Equal Protection Clause does not mandate the adoption by defendants of weighted voting in the performance of their major duty and function as committeemen, which is to conduct the internal management and business of the county committee.

There is nothing in New York State law that governs the endorsement of candidates for political office. Party endorsement is not necessary to get on the ballot and does not appear to be related to the nominating process. Because the endorsement procedure is not state created, it is unlikely to be subject to Fourteenth Amendment Equal Protection principles. See Lopez Torres v. New York State Bd. of Elec., 462 F.3d 161, 186 (2d Cir. 2006) (applying constitutional principles to delegate primary elections and the subsequent nominating convention because those procedures "are State-created and legally required aspects of the process."); Seergy, 459 F.2d at 313-15; Todd V. Oklahma State Democratic Central Committee, 361 F. Supp. 491, 496-97 (D. Ok. 1973).

_____
Thomas J. McAvoy
Senior, U.S. District Judge